Burrows, J.
Carrie McAdams was,upon conviction for a misdemeanor,, sentenced to pay a fine and stand committed to the county jail until the fine and costs were paid.
By habeus corpus proceedings she asserts the illegality of her continued imprisonment under said sentence on three grounds:
That the county auditor wrongfully refused to discharge her from jail upon proper application therefor.
That the sentence of the court was defective and void.
And that if her application is refused she may be imprisoned indefinitely or for life,
After considering the evidence, arguments of counsel and law applicable to the case we are satisfied that her application for discharge must be denied
First: The action of the county auditor under section 1028, Revised Statutes, could not render her further imprisonment under a legal sentence wrongful.
*451 It was not in the power of a jailor or judge to let her out of jail because the auditor might have ordered her released, but, in his discretion, declined to do so.
Counsel in their argument seem to misconceive the scope and purpose of section 1028, Revised Statutes.
It does make the county auditor's commissioner of insolvents to hear applications for discharge preferred by insolvent convicts.
The auditor under this section is authorized to exercise his discretion in relieving the public of the unnecessary expense of boarding insolvent convicts, when in his judgment, the public interests will be subserved thereby.
He acts upon his own ideas of propriety; and upon his own knowledge, derived from personal inquiry, common rumor or otherwise,
Only one limitation is placed upon his discretion, and that is, he must be clearly convinced that the public can gain nothing by prolonging the imprisonment.
The convict cannot insist- upon a hearing before the auditor or compel him to investigate the question of present or prospective insolvency.
It is not claimed that the action of the auditor can be judicially reviewed, except by habeus corpus proceedings; and only then, by the novel argument that a lawful imprisonment under a legal sentence is rendered unlawful whenever an auditor in the exercise of his discretion does not discharge a convict, and the court hearing the case upon habeas corpus is of opinion that the auditor, had he exercised better judgment, would have ordered a discharge.
Second: It is also claimed that the sentence is so indefinite and defective as to reader imprisonment under it unlawful. Its supposed indefiniteness and defectiveness consist in the omission of the words “or secured to be paid.’’
The statute provides:
“Section 7327: When a fine is the whole or part of a sentence, the court or magistrate may order that the person sentenced shall remain confined in the county jail until the -fine and costs are paid, or secured to be paid, or the offender is otherwise legally discharged.”
The sentence is certainly not indefinite or uncertain, for it orders the relator confined until she pays the fine and costs or is otherwise legally discharged.
*452 The materiality of this omission is based on the assumption that under proper sentence the relator might have had her liberty by securing the payment of the fine and costs, whereas under this sentence she must pay down or stay in jail.
We are inclined to the opinion that the omission of these' words in no wise prejudiced the relator and would not be good ground for reversal of the sentence on error.
By section 855 the board of county commissioners are given plenary power “to compound for or release in whole or in part any debt, judgment, fine or amercement due the county, and for the use thereof * * * and they shall enter upon their journal a statement of the facts in the case, and the reasons that governed them in making, such release or composition.” That the fine and costs for which judgment was rendered in this case were “due the county” is settled by section 6802. While the judgment in form was in favor of the state, the law provides that when the money is collected it shall be paid into the treasury of the county “to the credit of the county general fund.”
Full authority is also given the board of county commissioners by section 7349-4 to release on parol any indigent prisoner confined in the jail of the county “for fine and costs alone” where there is no work house in the county; and take the written promise of the convict to pay in installments or otherwise.
So by section 1028 the power of the auditor is “to discharge from imprisonment any person “confined in jail” for the non-payment of any fine or amercement due the county. ”
It can scarcely be doubted that these provisions of the statute give the officers named the power to discharge or parol convicts, and to release or compromise the fine and costs in all such cases of imprisonment regardless of the form of the sentence.
This must be so; or we must hold that the court by its sentence can take away the power conferred by statute upon these officers, or in other words repeal the statutes of the state.
The real question is whether the alleged defect in the sentence made the sentence absolutely void as to that part *453 ■directing imprisonment. We hare already shown that the defect complained of could not deprive the relator of any right she otherwise would have had; and, therefore, in its legal effect, the sentence was in conformity with the statute. This supposed defect was a mere irregularity or informality ■and did not render any part of the sentence void.
That the writ of habeas corpus cannot be used to correct ■errors and irregularities in a sentence is too well settled to ■require discussion.
The statute regulating proceedings in habeas corpus pro vides in section 5729, that the relator “shall not be discharged by reason of any informality or defect in the process, judgment or order’’, where the relator is in custody of an officer “by virtue of the judgment or order of a court ■of record.’’
In the case of Ex Parte Shaw, 7 Ohio St., 81, the trial •court sentenced the prisoner to imprisonment for the period of one year, although the statute provided that three years should be the minimum term of imprisonment. This was held to be an irregularity that did not render the sentence •void, and that it could not be reviewed, annulled or impeached upon habeas corpus.
Third: The third ground for discharge of relator is that •the writ of habeas corpus should be used to give liberty to ■the citizen whenever its use is necessary to prevent patent and flagrant injustice. It is said, that otherwise, an indigent convict, convicted of a minor offense, involving no ■moral turpitude, may, at the will and pleasure or by the malice and caprice of the county auditor and board of county commissioners, be kept-in jail during his natural ■life.
It is a sufficient answer to this contention to say that ■courts are not authorized to intervene by habeas corpus to prevent injustice in such case, but on the contrary are forbidden to do so.
The power of courts and judges in habeas corpus is clearly defined by statute. By sections 5741 and 5729 the power ■to discharge is limited to cases where the imprisonment is found to be unlawful; and cannot be extended beyond that, to meet cases where real or fancied oppression and injustice ■are inflicted in pursuance of law.
Lawyer & Redmond, for Relator.
JE. M. Starlcie, Pros. Atty., for State.
By the law of this state, where a fine is imposed as part of the sentence upon conviction for a misdemeanor,the payment of fine and costs may be enforced by imprisonment, by order of court,or by execution duly issued to collect the same.
The validity of these laws was fully established by the decision of our supreme court in 26 Ohio St., 195.
We are therefore compelled to ignore the claim of special hardship in this case, or we must make the absurd holding-that imprisonment in strict pursuance of law, is unlawful.
This writ was allowed and the case fully heard upon its merits, in deference to the decision in 14 Ohio Circuit Court-Reports, 237, where a contrary holding is made.
After a careful consideration of the able opinion by which that decision is supported, we are unable to assent to the-conclusions reached by that court.
We ought perhaps to add that we are unable to appreciate-the danger of injustice to indigent convicts under our laws, which counsel for the relator seem to apprehend.
The power of discharge, parol, compromise and pardouis conferred upon disinterested officials who are more likely-to exercise their discretion too leniently than too harshly in-such cases.
At any rate all citizens must submit to the laws of the-country where they reside and, when they commit offenses, cannot justly complain, if upon conviction they are compelled to work out the judgment for fine and costs, or submit tc imprisonment for the same until released according to law.
We might also add in justice to the county auditor, that: we find no cause to criticise his conduct in this matter.
The application for discharge of relator is refused.